TUCKER, Judge.
Pursuant to his application for employment on or about August IS, 1969, plaintiff, Henry J. Wlochowicz, was engaged as a Cottage Parent II with the Louisiana State School for the Deaf on August 25, 1969, He served in this capacity until on or about February 4, 1970.
On September 29, 1970, plaintiff was notified that his application did not show or list several arrests, charges or the disposition of the charges, with a detailed list of same being presumably set forth in the Director’s letter. It is not denied that by way of answer to the subject letter on November 18, 1970, plaintiff wrote at the bottom of the September 29 letter the following words: “I did not try to hide a thing from anyone. I just did what my lawer (sic) told me, and that was not to worry about it”. Hence, on January 30, 1971, the letter withdrawing his certification and cancelling eligibility was addressed by the Director and received by the appellant, the pertinent excerpts of such letter being quoted herewith, as follows:
“Your reasons for failing to list complete information on your arrest record are, in our opinion, not sufficient to warrant a determination that you are eligible for state employment. Therefore, under the authority vested in me, by Rule 8.13 of the Civil Service Rules, I am cancelling your appointment as Cottage Parent II with Louisiana State School for the Deaf”.
On February 26, 1970 within the thirty (30) day period granted by Civil Service Rule 13:12(a), plaintiff lodged his appeal with the Civil Service Commission substantially contending in his petition that no grounds for cancelling his eligibility under the provisions of Civil Service Rule 8.13 were set forth in the letter of termination under date of January 30, 1970, and he further denied that he had violated any provision of Rule 8.13. Without elucidating details or particulars relevant to the grounds listed for appeal under the cited rule, the plaintiff simply stated he was appealing “under Rule 13.10”.
On March 9, 1970, the Director filed a motion to dismiss the plaintiff’s appeal contending in essence that Wlochowicz had not specified in his appeal any violation of Article XIV, Section IS of the State Constitution or any rule of the commission in his discharge; had alleged no discrimination against him, and that thére were no provisions of law or Civil Service Rule requiring specification “of grounds or charges in cancellation of elibility notices issued under the authority of Civil Service Rule 8.13”. The Director in his motion finally claims that appellant did not have any legal right to appeal, and the commission lacked jurisdiction to entertain the attempted appeal.
On April 27, 1970, the appellant filed a pleading in which he sought to amend and supplement his original appeal and averred that he had been “discriminated against” under the provisions of Rule 13.10(i) and 13.10(f) ; that he did not know the reasons for his discharge, and could not prepare his defense, and that this denied to him equal protection and due process of law. He further urged that, if his discharge was accomplished in compliance with the provisions of Article XIV, Section 15 of the Louisiana Constitution and Civil Service Rule 8.13, the subject constitutional article and Civil Service Rule were violative of his right to be informed of the nature of and the charges against him so that he could adequately prepare his defense, and, therefore, in contravention of his right to equal protection of the law and amounted to discrimination against him under the United States Constitution.
The Director opposed this amended and supplemental appeal on the ground that it came too late, more than thirty days after appellant received notice of his discharge or cancellation of eligibility (See Rule 13.-12(a) ), and that neither pleading con *71 tained a dear and concise statement of the basis for appeal in that no definitive allegations were made, describing how and in what manner appellant had been discriminated against (See Rules 13.11(d) and 1.-14.1).
On May 29, 1970 appellant,' in essence tracking the allegations encompassed in his supplemental and amended appeal of April 27, 1970, interposed a pleading called and entitled at its head “Peremptory Exception”, and adding thereto in the prayer “No cause of action”, and asking that same be maintained, and appellant be reinstated in his job.
On June 26, 1970, the Civil Service Commission rendered and filed its opinion rejecting the appeal of the appellant on the ground that the commission was without jurisdiction to entertain the appeal. On July 8, 1970, he filed his appeal with this court.
Several problems of some magnitude have arisen, but the court finds that its main concern is directed to the question posed with respect to whether the commission is vested with appellate jurisdiction referable to the plight of a discharged probationary employee, where the employee in his appeal does not describe those items and procedures utilized in connection with his discharge which he contends to be discriminatory.
The parties in this appeal agree that the rules of the Civil Service Commission have the effect of law. See Day v. Department of Institutions, 228 La. 105, 81 So.2d 826 (1955) and Meaux v. Department of Highways, 228 So.2d 680 (La.App. 1st Cir. 1969).
Under the provisions of Civil Service Rule 8.13(8) the Director may cancel the employment eligibility of an employee who has not attained permanent status “if he has made a false statement of any material fact * * * in his application or examination * * *
Under Civil Service Rule 1.14.1 discrimination is defined as “consideration of religious or political affiliations or beliefs, race or national origin, or any other non-merit factors”. Rule 13.12(a) requires an appeal to be lodged with the commission not more than thirty days from the date of the receipt of written notice of the action against which complaint is raised.
This court holds that a probationary employee, in appealing his discharge, is required to make a clear statement of the facts and circumstances allegedly discriminatory, and when he does not describe in at least some detail the actions and procedures complained to be discriminatory, the appeal was not perfected and the Civil Service Commission cannot take jurisdiction; and, while the court questions the dictum of the commission’s opinion on Page 21 of the transcript of appeal in which it is stated that the Director did not charge appellant with violating Rule 8.-13, but merely cited the rule as authority for discharging Wlochowicz, we cannot envision that this statement, though perhaps in error, could result in broadening the appellate jurisdiction of the commission.
In examining the supplemental pleadings we have experienced difficulty in finding substantive and material allegations, adding to or at odds with the original petition for an appeal. Certainly none of the pleadings contain a clear statement of the actions taken and the procedures used by the Director in the discharge, which, if proved, would have amounted to discrimination against appellant.
In view of the foregoing, the court is not required to determine whether a peremptory exception of no cause or right of action is a procedural device which may be utilized before the Civil Service Commission, nor is it necessary to find whether a supplemental and amended petition reiates back to the filing date of the original appeal petition, or, if such amendment be filed more than thirty days after the date of the appealed decision, same would come too late.
*72 For the above and foregoing reasons this court has concluded the Civil Service Commission was correct and supported by law in its decision that the appeal should be dismissed for the reason it had not been perfected, and the commission did not have the jurisdiction to entertain the said appeal.
The court affirms the decision of the Civil Service Commission in favor of the appellee, Harold E. Forbes, Director of Personnel, rejecting the appeal of appellant, Henry J. Wlochowicz, at his costs.
Judgment affirmed.