EDWARDS, Judge.
Appellant, Wilma S. Toney, was employed by the Louisiana Department of Corrections as a Registered Nurse I at the Louisiana Training Institute in Monroe, Louisiana. By letter of November 20, 1981, appellant was notified that she was to be separated from her position effective December 3, 1981. Toney appealed her dismissal to the Louisiana Civil Service Commission (the “Commission”). Prior to the date for hearing Toney’s appeal, appel-lee, the Department of Corrections, filed a motion for summary dismissal of the appeal. After hearing oral argument and receiving appellant’s memorandum in opposition, the Commission rendered its opinion, denying the appeal, Wilma Toney has appealed to this court, seeking judicial review of the Commission’s decision.
The letter of November 20, 1981, which notified Toney of her termination, was signed by John T. King, Secretary of the Louisiana Department of Corrections. King’s letter asserted that Toney was hired on April 27, 1981, subject to a six-month probationary period. The letter went on to .state the following:
“During your probationary period your work performance has been below the high standards set for employees of the Department of Corrections. Your probationary period was extended for three months pending the outcome of an internal investigation into the medical services at Louisiana Training Institute-Monroe.
“On October 13 and October 14, 1981, Vallerie Ibert, Registered Nurse IV, conducted this investigation by reviewing and investigating the medical procedures regarding pharmaceuticals, medication issuance, and drug mismanagement at Louisiana Training Institute-Monroe. She discovered that you had written orders for some students to be administered legend drugs. Additionally, you have behaved in a manner which directly conflicts with Department Regulation # 30-6 and federal regulations as well, concerning medical treatment and procedures for operational units.
“Therefore, because of your poor probationary work performance, this letter will serve to inform you that you will be separated from your position of Registered Nurse I at Louisiana Training Institute-Monroe, effective December 3, 1981.”
Toney’s notice of appeal, prepared by her attorney, set forth the above quoted passages from John King’s letter, and asserted that “the above allegations are totally false, without merit and [appellant] specifically denies each and every allegation contained therein.” Appellant’s notice of appeal asserted that her dismissal was arbitrary, capricious, and without basis. Finally, the notice alleged discrimination as an additional basis for the appeal.
*196 As noted above, the Department of Corrections requested summary dismissal of the appeal pursuant to Civil Service Rule 13.14. The motion asserted that Toney was a probationary employee and had no right to appeal her dismissal unless the basis of the appeal was a claim of discrimination or violation of a Civil Service Rule. The motion asserted that Toney’s notice of appeal failed to plead discrimination with the detail and particularity required by Rule 13.11(d).
The Commission heard oral argument on the Department of Corrections’ motion and allowed counsel for appellant to file a memorandum in opposition. The Commission’s opinion concluded that because Toney was a probationary employee the only basis for her appeal was her claim of discrimination. See LSA-Const. Art. X, sec. 8. Although appellant alleged discrimination in her notice of appeal, the Commission concluded that the allegations did not meet the requirements of Civil Service Rule 13.11(d), which requires pleading of the specific facts supporting the conclusion of discrimination. Because the Commission concluded that Toney’s notice of appeal failed to plead sufficient specific facts to support the conclusion of discrimination, it denied her appeal.
Toney makes a number of specifications of error in this court. She contends that the Commission erred in the following respects:
1. Finding that she was a probationary employee and had no basis for appeal other than discrimination;
2. Finding that the contents of her notice of appeal did not meet the requirements of Civil Service Rule 13.-11(d); and
3. Dismissing her appeal rather than allowing her to amend her appeal notice.
Finally, appellant contests the constitutionality of Civil Service Rule 13.11(d). In light of our conclusion that Toney’s first specification of error requires reversal of the Commission’s decision, the remaining specifications of error will not be considered.
Summary disposition of civil service appeals are authorized by Civil Service Rule 13.14. The Commission’s summary dismissal of Toney’s appeal was based upon its conclusion that she was a probationary status at the time of her termination. However, Toney’s notice of dismissal disputed her status as a probationary employee, and there was no proof presented to the Commission to establish that fact.
The November 20, 1981, letter notifying Toney of her separation from employment stated that she had been hired on April 27, 1981, subject to a six-month probationary period. Thus, Toney’s probationary status would have ended in late October of 1981. The letter went on to allege a three-month extension of appellant’s probationary status. Toney’s notice of appeal specifically set forth and denied this allegation regarding extension of her probationary status. The Commission heard only oral argument on the motion for summary disposition. No evidence was presented to establish that appellant’s probationary period had been extended in accordance with Civil Service Rule 9.4. Thus, the Commission’s conclusion that Toney was a probationary employee at the time of her dismissal is not supported by the pleadings or any evidence in the record. Since that finding was the basis for the granting of the motion for summary dismissal, the opinion of the Commission must be reversed.
For the foregoing reasons, the opinion of the Civil Service Commission is reversed and the case is remanded for a hearing on the question of whether or not appellant’s probationary period had been extended in accordance with Civil Service Rule 9.4, and thereafter on the merits, if necessary. Costs are to be assessed after final determination.
REVERSED AND REMANDED.