ELVEN E. PONDER, J. (retired).
Appellant, Wilma S. Toney, was employed by the Louisiana Department of Corrections (Department) as a Registered Nurse I assigned to the Louisiana Training Institute at Monroe (LTI). After receiving notice of her dismissal by letter dated November 20, 1981, she appealed to the Civil Service Commission (Commission). . The Department filed a motion under Civil Service Rule 13.14(a)2 for summary dismissal of the appeal since appellant had no right to an appeal because she was a probationary employee and had not sufficiently raised the issue of discrimination as required by Civil Service Rule 13.11(d). The Department’s motion was sustained by the Commission and appellant’s appeal was denied on the grounds raised by the Department. On appeal to this Court, the Commission’s opinion was reversed and the matter remanded for a hearing on the issue of whether appellant was a probationary employee at the time of her dismissal. See Toney v. Department of Corrections, 448 So.2d 194 (La.App. 1st Cir.1984). Following a hearing before a referee, the Commission rendered an opinion denying appellant’s appeal on the same grounds. Appellant now appeals arguing:
1) There was no valid extension of her probationary period in accordance with Civil Service Rule 9.4;
2) The notice of appeal filed by her sufficiently pled discrimination as required by Civil Service Rule 13.11(d), or, in the alternative, she should be allowed to amend her notice of appeal to satisfy these requirements;
3) Civil Service Rule 13.11(d) is unconstitutional; and
4) Comments made by the hearing referee indicate she had a preconceived opinion as to appellant’s status at the time of her dismissal.
Under the Civil Service Rules a probationary employee has no right to appeal a dismissal except on the grounds of discrimination. See Louisiana Constitution Article X, sec. 8; Courtney v. Louisiana Department of Highways, 282 So.2d 721 (La.App. 1st Cir.1973), writ refused, 286 So.2d 363 (La.1973); Wlochowicz v. Forbes, 248 So.2d 69 (La.App. 1st Cir.1971) application denied, 259 La. 754, 252 So.2d 453 (1971); also see Toney v. Department of Corrections, supra. Since appellant began her employment with the Department on April 27, 1981, her six-month probationary period would normally have ended on October 26, 1981, unless properly extended before that date. Appellant argues the Department failed to establish that a valid *462 extension of her probationary period occurred, because it failed to introduce a letter written to the Department by Mr. Bobby Dunavant, Superintendent of LTI, requesting an extension of appellant’s probationary period. She further alleges the hearing referee erred in refusing to permit questioning on this subject.
Civil Service Rule 9.4 provides that:
Upon written request made by the appointing authority, and a showing of good reason therefor, the length of an employee’s probationary period may be extended by the Director for an additional period_(Emphasis added).
Appellant’s appointing authority was not the superintendent of LTI, but the Department. A letter dated October 14, 1981 from the Department to the Director of the Department of Civil Service was introduced into evidence (DOC 1). This letter requested a three month extension of appellant’s probationary period on the basis that her work performance was substandard and additional time was needed for further evaluation and intense supervision of her. By letter dated October 20, 1981, the Director granted the requested extension (DOC 2). Thus, a valid extension of appellant’s probationary period in accordance with Rule 9.4 has been shown. For the same reason, appellant’s argument with respect to the referee’s refusal to allow questions relative to this letter is without merit.
Appellant next argues the Commission erred in concluding her notice of appeal filed by her was insufficient to raise the issue of discrimination. Rule 13.11(d) provides that:
... Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant’s action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
The purpose of Rule 13.11(d) is to ensure the appointing authority receives the same degree of specificity regarding discrimination claims as employees receive with regard to charges against them. LeGros v. Dept. of Public Safety, Etc., 364 So.2d 162 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979). This relieves the appointing authority from having to defend against vague or unspecified charges of discrimination. Id. A mere allegation, without any supporting details, that others similarly situated were treated differently is insufficient. Newton v. La. Training Institute—Monroe Dept., 376 So.2d 1032 (La.App. 1st Cir.1979).
Appellant alleges her work was of the same standard as that of other LTI employees, and that the real reason she was dismissed was because she filed a complaint with the Monroe Police Department against a co-employee.
Appellant’s allegations are vague, conclu-sionary, and without particularity. Appellant specifically names three employees allegedly treated differently, but she gives no indication of whether these employees had permanent or probationary status, the length of their service, the position in which they were employed or whether their duties were even similar to hers. Likewise, the notice of appeal contains no details as to the person against whom appellant filed *463 a police complaint, what the position at LTI was, the person who allegedly discriminated against appellant, or events which led her to believe her dismissal was the result of discrimination. We agree with the Commission’s conclusion that appellant’s notice of appeal is insufficient to meet the requirements of Rule 13.11(d).
Appellant argues she should be given an opportunity to amend her notice of appeal in order to meet the requirements of this rule. The Commission has broad rule-making power for the regulation of the civil service and its rules have the force and effect of law. Louisiana Const, art. X, § 10. Rule 13.12(a) provides that an appeal to the Commission is effective only if a “written notice complying with the requirements of Rule 13.11” is received or postmarked within the appeal delays provided. Since no provision is made for the amendment of a notice subsequent to this time, appellant had no right to amend her notice of appeal.
Appellant additionally argues Rule 13.-1(d) is unconstitutional because it is vague and ambiguous. This Court has previously held this rule was within the rule-making power of the Commission and not unconstitutional. Goins v. E.A. Conway Memorial Hospital, 361 So.2d 306 (La.App. 1st Cir.1978); see also Mayeaux v. Dept. of State Civil Service, 421 So.2d 948, 951 (La.App. 1st Cir.1982); LeGros v. Dept. of Public Safety, Etc., supra.
The essence of appellant’s final argument is that the hearing referee was not impartial and had a preconceived opinion as to appellant’s status at the time of her termination. After carefully reviewing the entire record, we find it does not support appellant’s claims. The specific comments were made at the conclusion of the hearing, after all the evidence had been heard. While we do not necessarily agree with the referee’s comment regarding the necessity of compliance with Rule 9.4, this issue is moot since compliance with this rule was established by the appointing authority.
For these reasons, the opinion of the Commission is affirmed.
AFFIRMED.