CRAIN, Judge.
Plaintiff Larry Leger, a state employee with the defendant University, appeals from an adverse decision of the State Civil Service Commission which denied his claim for continued housing and utility emoluments, and his claims of discrimination. We affirm the actions of the Commission in dismissing plaintiff’s appeal.
The sole issue on appeal is whether the Commission erred in denying plaintiff’s claims for relief.
The facts are not in dispute.
Larry Leger began employment with the defendant in March, 1972. In this classified position, he was afforded a salary, house and utilities.
A letter dated March 13, 1986, advised plaintiff to vacate the housing by August 31, 1986. On April 11, 1986, plaintiff filed an appeal of that decision with the State Civil Service Commission. (Doc. No. 5624). A hearing was held August 5, 1986 to consider the defendant’s Request for Summary Disposition. On October 27, 1986 the Commission granted the Request for Summary Disposition and dismissed plaintiff’s appeal.
A letter of January 25, 1990 also advised Mr. Leger to vacate the housing he had been afforded by the defendant. The time to vacate was set for March 4, 1990, but was extended to April 1, 1990. On April 6, 1990, when negotiating efforts failed, plaintiff appealed this matter to the State Civil Service Commission. On March 13, 1991 the Commission rendered a decision, with reasons, summarily dismissing the appeal. The Commission reasoned as follows:
In 1986, this appellant was previously ordered to vacate the house provided to him by his employer. He appealed this action under docket no. 5624 and by decision rendered on October 27, 1986, the Commission concluded:
An employee acquires a right to be paid in accordance with Chapter 6 of the Civil Service Rules and if his pay is correctly calculated in compliance with these Rules, he attains a right to the dollar amount which corresponds to the prescribed step in the Pay Plan or to the dollar amount specifically approved by this Commission. An employee attains no right to any other form of pay. [Emphasis added.] Appellant’s prior appeal was summarily dismissed.
Appellant argues that this appeal is different from the prior appeal because the current appeal includes a complaint of discrimination. In this regard, appellant merely asserts that three Research Farm Supervisors and some students have been provided houses, whereas he has not. Preliminarily, the Commission concludes that, even if appellant proves these allegations, he will not have established any right recognized by this Com *746 mission to the house. Secondarily, the Commission concludes that appellant has pleaded no facts whatsoever which, if proved, would lead this Commission to conclude that appellant has been the victim of prohibited discrimination. See Civil Service Rule 13.11(d). For these reasons, this appeal is hereby summarily dismissed.
On appeal plaintiff contends the Commission erred in granting the defendant’s motion for summary disposition. He argues that he has a right to the housing and utilities emoluments as a result of “a long-term agreement whereby his employer agreed to provide it to him as part of his compensation.” He also alleges that his claim is not barred by the doctrine of res judicata, in that the claim of discrimination makes this a different cause of action.

Res Judicata

The plaintiff alleges that his claim of discrimination in this action makes this claim different from his prior claim (Doc. No. 5624), and as a result, this claim is not barred by the doctrine of res judicata.
In order for an exception of res judicata to be sustained, there must be identity in the two suits as to the thing demanded, the cause of action and the parties involved. R.S. 13:4231. Grain Dealers Mutual Insurance Co. v. Hardware Dealers Mutual Fire Insurance Co., 196 So.2d 650 (La.App., 1st. Cir., 1967). The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Louisiana Business College v. Crump, 474 So.2d 1366 (La.App., 2d Cir., 1985).
In this case although there is identity of parties, the defendant has failed to carry its burden of proof with regard to the issues of identity of the thing demanded and cause of action. It is unclear, from the record before us, whether the housing and utility emoluments that were sought in the prior action are the same as the ones that are currently sought. Furthermore, the current action contains an allegation of discrimination not present in the prior action.
The defendant has failed in his burden of proving that plaintiffs action is barred by the doctrine of res judicata.
We, therefore, must decide whether the Commission erred in granting the defendant’s motion for summary disposition.

Housing & Utility Emoluments

As stated by the Commission, Chapter 6 of the Civil Service Rules prescribes the method by which an employee’s pay is ascertained. In order for an employee to receive pay which exceeds the amount set forth in the pay plan, the remuneration must be afforded in accordance with the dictates of Section 6.28 of the Rules of the Civil Service Commission or with the specific approval of the Commission itself. In this case, the plaintiff’s housing and utility allotment does not comply with the requirements set forth in Section 6.28 of the Commission Rules. Additionally, plaintiff has neither sought nor secured the Commission’s specific approval to this “pay” which exceeds the amount set forth in the pay plan. As such, plaintiff has failed to establish a right to this allotment, and the Commission correctly found this to be the case.
DISCRIMINATION
The remaining matter for our consideration is whether plaintiff’s claim of discrimination presented the Commission with an issue upon which relief could be granted. We conclude, as did the Commission, that it does not.
The Civil Service Rules require that a claim of discrimination, as the basis for appeal, must set forth “specific facts ... alleged in detail”. Rules of the Civil Service Commission, Rule 13.11(d). That is, the facts must be alleged “in sufficient detail to enable the agency to prepare a defense”. Rules of the Civil Service Commission, Rule 13.11(d). In this regard a conclusion of discrimination is not sufficient. Rules of the Civil Service Commission, Rule 13.11(d). Toney v. Dept. of Public Safety and Corrections, 496 So.2d 460 (La.App., 1st Cir., 1986).
In this case the plaintiff made the following allegations of discrimination:
The letter points out that "other Research Farm Supervisors employed by the L.S.U. Agricultural Center, to-wit: A1 Jarreau, James Langston and Robert Sedgwick, all were receiving a housing *747 and utilities emolument and that to deprive him of same would impermissibly discriminate against him....
This assertion is a mere allegation, without supporting details, that others similarly situated are being treated differently. This allegation without more, is insufficient to support a claim of discrimination under the Rules of the Civil Service Commission. Rules of the Civil Service Commission, Rule 13.11(d). Toney v. Dept. of Public Safety & Corrections, id. As such, we find no error in the Commissions’ conclusion that the plaintiff pleaded no facts, which, if proven, would allow them to conclude that plaintiff was a victim of discrimination.
Accordingly, we find no error in the Commission’s action in granting the defendant's motion for summary disposition.
For these reasons, the decision of the Civil Service Commission dismissing plaintiff’s appeal is affirmed at his costs.
AFFIRMED.