610 So.2d 919 (1992)
SUCCESSION OF Floyd Wayne TURNER.
No. CA 91 1747.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*920 Vincent Sotile, Donaldsonville, for appellantShawn Turner Ingles.
Leo Berggreen, Baton Rouge.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
The issue in this appeal of the trial court's grant of the peremptory exception raising the objection of res judicata is whether a judgment rendered on June 6, 1990 on a rule to remove a succession provisional administrator precluded a second action that prayed for removal of the succession administrator and for damages for failure to act as a prudent fiduciary. We reverse.
Leotho Frick Turner, the surviving spouse of the deceased, Floyd Wayne Turner, petitioned for appointment as the provisional administrator for the succession on March 13, 1984. She was appointed as the provisional administrator by judgment of the court signed on April 13, 1984. An oath of office was taken and filed, but no security for faithful performance was provided, as required by LSA-C.C.P. article 3112.
Shawn Turner Ingles, one of the children of the deceased, filed a rule to remove the provisional administrator on February 14, 1990 based on the provisional administrator's failure to post security and to complete the procedure outlined in the Code of Civil Procedure and properly qualify as the succession administrator. Ms. Ingles prayed that she be allowed to qualify as the succession administrator, that she be allowed to review "corporate records and bank accounts of any closely held corporations in which her deceased father had stock," that the provisional administrator be removed, and that the provisional administrator be required to file a final accounting.
The provisional administrator filed her first accounting, to cover the period from March 13, 1984 to March 28, 1990, on March 29, 1990. A hearing was held on April 3, 1990 on the rule to show cause why the provisional administrator should not be removed and to consider the other requests for relief by Ms. Ingles. The parties stipulated to a judgment signed by the trial court on June 6, 1990 that provided that:
1. Leotho Frick Turner be given a period of sixty days to qualify as the succession administrator and allowed to post a special bond in the form stipulated to by the parties;
2. Shawn Turner Ingles be allowed to review the requested corporate records and bank accounts; and,
3. No draws be made on lines of credit established by the succession without notice to Ms. Ingles.
*921 Mrs. Turner filed a petition for appointment as the succession administrator on August 16, 1990. The stipulated security was posted and the court signed an order appointing Mrs. Turner as administrator.
On April 17, 1991, Shawn Ingles filed a petition for removal of the administrator and for damages. The petition alleged that the administrator had failed to timely qualify for her position, as ordered by the June 6, 1990 judgment, that the bond was inadequate and did not meet the requirements of Louisiana Code of Civil Procedure article 3151, and that the administrator failed to perform mandatory duties and to act as a prudent fiduciary. Ms. Ingles alleged that she sustained damage because of various acts and failures to act by the administrator. The petition prayed for the removal of the administrator, an independent audit of the succession, the appointment of Ms. Ingles as administrator, and damages.
The administrator filed a peremptory exception raising the objection of res judicata. The trial court reviewed LSA-R.S. 13:4231, as it appeared after amendment by Acts 1990, No. 521, § 1. LSA-R.S. 13:4321 provides as follows:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The trial court sustained the exception of res judicata as to any claim based on facts that occurred prior to June 6, 1991. The petitioner, Ms. Ingles, appealed.[1]
Section 5 of Acts 1990, No. 521 gives the effective date of the substantive change to LSA-R.S. 13:4231 as January 1, 1991 and states that the new version would apply to "all civil actions filed on or after January 1, 1991" and that "[t]he preclusive effect and authority of a judgment rendered in an action filed before the effective date of [the] Act shall be determined by the law in effect prior to January 1, 1991." Obviously, the legislature was offering protection to any litigants who had actions pending before the dramatic change in the approach to the claim of res judicata.
The judgment whose preclusive effect is at issue was rendered on June 6, 1990 in an action filed on February 14, 1990, both dates well before the effective date. Therefore, the doctrine of res judicata applicable here is set forth in the law in effect prior to January 1, 1991. That law is found in the previous version of LSA-R.S. 13:4231, as follows:
§ 4231. Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In Preis v. Standard Coffee Service Co., 545 So.2d 1010, 1013 (La.1989), the Louisiana Supreme Court reexamined the civilian concept of cause of action within the context of a claim of res judicata under the version of LSA-R.S. 13:4231 applicable here, and stated:
It is well-settled that the term "cause of action" as used in La.R.S. 13:4231 is a mistranslation from the French and really *922 refers to the civil law concept of cause. Cause in this context has been defined as "the juridical or material fact which is the basis of the right claimed, or the defense pleaded." It is the "legal obligation upon which the action is founded." (citations omitted)
The theory behind the doctrine of res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. Louisiana jurisprudence is very clear that res judicata is stricti juris. This doctrine bars relitigation of the object of a judgment when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; and (3) the demand is between the same parties and is formed by them against each other in the same quality. The party urging the exception of res judicata has the burden of proving each essential element by a preponderance of the evidence. If any doubt exists as to its application, the exception of res judicata must be overruled and the second suit maintained. Further, a final judgment has the authority of res judicata only as to those issues presented in the pleadings and conclusively adjudicated by the court. Lowe v. Prejean, 540 So.2d 436, 437-38 (La.App. 1st Cir. 1989).
The legal obligation on which the first suit was founded was the obligation of the provisional administrator to post security and to properly qualify as the administrator under the Code of Civil Procedure articles, to file an accounting of the succession, and to allow a forced heir access to the various bank records and corporate records of companies in which the succession held stock. In other words, the provisional administrator's failure to complete the qualification process and to provide the heir with information formed the grounds for the first complaint.
The cause on which the second action is based is two-fold. The first basis is the administrator's duty to act as a prudent fiduciary and protect and reasonably preserve the assets of the succession. Ms. Ingles asks for removal of the administrator and damages because of the alleged breaches of that fiduciary duty. The second cause presented for the demand is the administrator's failure to abide by the June 6 orders of the court to post the special bond and to timely qualify.
It is not entirely clear from the record whether the administrator qualified within the sixty day period ordered by the court or whether an extension was actually or impliedly agreed on by both parties. Certainly, it is clear from the record that the form and amount of the bond were stipulated to in the first proceeding. However, this one allegation in the second action does not sustain a claim of res judicata for the other relief sought and prohibit the petitioner from alleging or proving any and all facts that occurred before June 6, 1990 that are relevant to the second action.
Appellee argues that allegations of the administrator's breach of fiduciary duty were made in the first action. We find no evidence in the record to support that argument. Based on a thorough review of the record before us, we find that the action filed on February 14, 1990 and the second action filed in April of 1991 are not founded on the same cause of action.
Arguably, even under the new approach to a claim of res judicata, the first judgment would not preclude the second action. The transaction which gave rise to a complaint that the provisional administrator did not properly complete the qualification process and that the heir was not receiving adequate information concerning the administration of the succession is not the same factual occurrence or transaction that gave rise to the allegations of failure to follow the June 6 orders of the court and of failure to properly protect and preserve the assets of the succession. Even if the transactions occurred during the same time period, that consideration alone is not determinative of the claim of res judicata.
For these reasons, the judgment of the trial court sustaining the exception of res judicata is reversed and this case is remanded for further proceedings consistent *923 with this opinion. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I agree with the majority that the judgment of June 6, 1990, did not preclude the "petition for removal" filed April 17, 1991. However, I disagree with the majority's analysis which looks to the date the "petition for removal" was filed to determine which version of LSA-R.S. 13:4231 applies. The act amending R.S. 13:4231 applies to "all civil actions filed on or after January 1, 1991." The civil action in this case is the succession itself, which was opened on March 13, 1984, not the "petition for removal," which is essentially a motion. Since the civil action commenced in 1984, the pre-1991 version of R.S. 13:4231 clearly applies. I respectfully concur.
NOTES
[1] The judgments at issue herein are governed by Louisiana Code of Civil Procedure article 2974.