657 So.2d 1358 (1995)
Nancy M. TERREBONNE, Testamentary Executrix of the Succession of Peggy T. Theriot
v.
Nacis J. THERIOT, et al.
No. 94 CA 1632.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Rehearing Denied August 17, 1995.
*1359 Stanley L. Perry, Galliano, for plaintiff-appellant.
George J. Ledet, Jr., Cut Off, for defendant-appellee.
Before WATKINS and FOGG, JJ., and TANNER, J. Pro Tem.[1]
THOMAS T. TANNER, Judge Pro Tem.
A Petition for Supplemental Partition of Community Property was filed in this case by Peggy T. Theriot against: her former husband, Nacis J. Theriot, Mr. Theriot's current wife, June L. Theriot, the current Mrs. Theriot's mother, Clara Bell Lefebvre, the current Mrs. Theriot's daughter, Monica L. Lefebvre, and Carter & Associates, Inc., a corporation allegedly owned by June Theriot, Clara Bell Lefebvre and Monica L. Lefebvre.[2] Plaintiff alleges in her petition that *1360 Nacis Theriot "fraudulently interposed other parties as shareholders for the sole purpose of concealing his true ownership of the corporate stock" of Carter & Associates, Inc., and that, the other parties voluntarily and willfully participated in this fraud, preventing the division of a community asset in the prior community property partition, and causing her damage as a result.
In response to Peggy T. Theriot's lawsuit, the defendants filed an exception pleading the objection of res judicata, asserting that a prior suit entitled Peggy T. Theriot v. Nacis J. Theriot, Number 60624, also filed in the Seventeenth Judicial District Court precluded suit on the basis of the doctrine of res judicata. Further, defendants filed an exception pleading the objection of prescription claiming the matter had prescribed under La.C.C. art. 1413. An exception pleading the objection of no cause of action was filed on behalf of defendants, June L. Theriot, Clara Bell Lefebvre, Monica Lefebvre, and Carter & Associates, Inc., asserting that the suit cannot be maintained as to them since they were not parties to the community which formally existed between Nacis and Peggy T. Theriot.
Subsequently, judgments were rendered by the trial judge in favor of defendants, granting the exceptions pleading the objections of res judicata and prescription and dismissing plaintiff's claims. The judgments of the trial court did not address defendants' exception pleading the objection of no cause of action; we therefore can assume this exception was denied. R.A.K. v. Board of Trustees of State Employees Group Benefits Program, 558 So.2d 633 (La.App. 1st Cir. 1990).[3] Plaintiff appeals the trial court judgments, and asserts that the trial judge erred "in maintaining the Exception of Res Judicata and ... in maintaining the Exception of Prescription...."
Initially we note that the objection of res judicata is currently governed by La.R.S. 13:4231 and 13:4232, which provide as follows:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
§ 4232. Exceptions to the general rule of res judicata
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;

*1361 (2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
Section 5 of Acts 1990, No. 521, § 1, further provides: "This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991." Although the present suit was filed on May 20, 1994, the prior action was filed before January 1, 1991; therefore, we must look to the law in effect prior to January 1, 1991.
The precursor of La.R.S. 13:4231 was La.C.C. art. 2286 which provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Thus, under the old law, relitigation of the object of a judgment is barred when there is present: (1) identity of the thing demanded; (2) the same cause of action; and (3) the same parties appearing in the same quality. Safeco Insurance Company of America v. Palermo, 436 So.2d 536 (La.1983). The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Leger v. Louisiana State University Agricultural Center, 607 So.2d 744 (La. App. 1st Cir.1992). If any doubt exists as to its application, the exception of res judicata must be overruled and the second suit maintained. Succession of Turner, 610 So.2d 919 (La.App. 1st Cir.1992). Further, a final judgment has the authority of res judicata only as to those issues presented in the pleadings and conclusively adjudicated by the court. Succession of Turner, 610 So.2d at 922.
La.C.C.P. art. 931 provides, in pertinent part, "On the trial of the peremptory exception pleaded at or prior to trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." A hearing in this matter was held and the transcript of the prior proceeding was introduced into evidence; no additional evidence was received and no testimony was taken.
Plaintiff alleges in the petition filed in the instant case that Nacis Theriot, in collusion with the other named defendants, acted fraudulently to conceal his ownership interest in Carter & Associates, Inc., and thereby prevented that interest from being partitioned in the original suit partitioning community property and in the subsequent suit number 60624 which addressed other acts of fraud relative to the partition of community property. Plaintiff further alleges that she is entitled to damages and reasonable attorney fees under La.C.C. art. 1958 against all defendants and seeks to amend the original partition agreement of community property by adding as an asset of the community subject to partition the corporate stock of Carter & Associates, Inc.
The petitions filed in the prior litigation allege that Nacis Theriot committed fraud and violated his fiduciary duty to Peggy T. Theriot concerning disclosure of community property and either failed to reveal the following assets or misrepresented their values to her detriment: equity in specifically-named family owned corporations involving boating operations, cash on hand, life *1362 insurance policies, three tracts of immovable property, the family home, municipal bonds, certain publicly-traded stocks and South Lafourche Bank stock. The pleadings filed by Peggy T. Theriot in the previous suit did not mention the Carter & Associates, Inc. ownership interest. Additionally, review of the prior trial transcript reveals that certain testimony was elicited concerning funds received from and/or a debt owed to Adrian Carter, a former officer of Carter & Associates, Inc. Some discussion was also had concerning other officers of Carter & Associates, Inc. who were related directly or by marriage to Nacis Theriot. And, when asked whether he owned any interest in Carter & Associates, Inc., Nacis Theriot denied any such interest. Plaintiff maintains that only through subsequent discovery measures involving Nacis Theriot's attempts to reduce or discontinue alimony payments to Peggy T. Theriot were facts revealed which led plaintiff to believe Nacis Theriot in fact had an ownership interest in Carter & Associates, Inc. subject to partition. Since there is no identity of the thing demanded in these two suits, the exception pleading the objection of res judicata was improperly granted. Moreover, since the alleged co-conspirators of Mr. Theriot, June L. Theriot, Clara Bell Lefebvre, Monica L. Lefebvre, and Carter & Associates, Inc., were not named as parties in the prior litigation, identity of parties is also lacking, precluding the application of res judicata as to these parties.
A related argument presented by these defendants was addressed and rejected by another panel of this court having before it an appeal on a related lawsuit wherein plaintiff seeks to have yet another undisclosed community interest in Theriot & Theriot, Inc. partitioned. Theriot v. Theriot, 655 So.2d 813 (La.App. 1st Cir.1995). In that suit, plaintiff's petition was dismissed by the trial court on defendants' exception of res judicata. In reversing the trial court, this court held:
... Theriot is the only defendant in this suit who also was a party in suit 1. The trial court found suit 1 had a res judicata effect as to Theriot in suit 2, then apparently applied res judicata to the other defendants on the theory that they were solidary obligors or secondary obligors and had to be "released" if Theriot had been "released." Plaintiff's suit was dismissed with prejudice, and this appeal followed.
There is no basis in law for such a theory. The contractual release of a solidary obligor may sometimes result in the release of other solidary obligors. However, this does not apply to the res judicata effect of prior litigation. The dismissal of a defendant is not a contractual release. It is a judicial determination and does not affect the liability of parties who may be solidarily liable.
The demands and some of the parties in this suit are not the same as in the prior litigation. The trial court committed legal error in granting the motion to dismiss based on a plea of res judicata.... [Emphasis original.]
With regard to defendants' objection of prescription, if plaintiff's allegations can be established as true, then to the extent an ownership interest in Carter & Associates, Inc. belonged to the community of acquets and gains existing between Nacis and Peggy T. Theriot, it remains undivided and subject to partition. Since former spouses remain co-owners of property not partitioned, a claim of liberative prescription cannot be maintained in a subsequent suit for partition. Hare v. Hodgins, 567 So.2d 670 (La.App. 5th Cir.1990), affirmed in part, reversed in part on other grounds, 586 So.2d 118 (La.1991). Consequently, this claim has not yet prescribed.
Nevertheless, plaintiff's suit for damages in fraud is subject to the one-year prescriptive period as a delictual action. However, we believe plaintiff has adequately established the appropriateness of the application of contra non valentem agere nulla currit. It is well-settled that prescription does not run against one who is ignorant of the facts upon which his cause of action is based as long as such ignorance is not willful, *1363 negligent or unreasonable. White v. West Carroll Hospital, Inc., 613 So.2d 150 (1992); In re Medical Review Panel of Howard, 573 So.2d 472 (1991). As indicated hereinabove, Mr. Theriot denied any ownership interest in Carter & Associates, Inc. Later, when plaintiff received notice that this fact might not be true, she attempted to elicit discovery in May of 1992 from the corporation through its registered agent, Clara Belle Lefebvre, which was met by a motion for protective order. The trial court granted the protective order ex parte on May 28, 1992. Plaintiff filed a writ application with this court which was granted on May 21, 1993; that order stated in pertinent part:
The writ is granted insofar as it relates to the granting, ex parte, of the protective order to Carter & Associates. The relator is entitled to a contradictory hearing prior to the issuance of a protective order. Therefore, it is hereby ordered that the trial court hold a hearing at which Carter & Associates may appear to show cause why it should not be subject to the discovery allowed under La.Code Civ.P. art. 2451(B).
Plaintiff obtained the information which allowed her to file this suit on February 10, 1994, by means of the discovery process resulting from the order of this court on May 21, 1993; the February filing date was well within one year such knowledge was obtained. Consequently, defendants' objection of prescription has no merit.
For the reasons stated herein, the judgments of the trial court maintaining defendants' exceptions pleading the objections of res judicata and prescription are reversed and the matter is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by defendants.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas T. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Peggy Theriot died on June 21, 1994, and Nancy M. Terrebonne, Testamentary Executrix for the Succession of Peggy T. Theriot, was substituted as plaintiff herein.
[3] Nevertheless we note the exception pleading the objection of no cause of action has no merit. Further, if the stockholder records of Carter & Associates, Inc. do not reflect that Nacis Theriot is in fact a stockholder, then the record owners of the stock of Carter & Associates, Inc. are indispensable parties to this litigation. See Kimble v. Kimble, 552 So.2d 1343 (La.App. 5th Cir. 1989). Moreover, La.C.C. art. 2315 does provide for damages in tort against parties conspiring to commit fraud upon another. See also La.C.C. art. 1958, comment (c).