673 So.2d 687 (1996)
INSURANCE ASSOCIATES, INC.,
v.
FRANCIS CAMEL CONSTRUCTION, INC., Francis J. Camel, and Francis Camel Disposal, Inc.
No. 95 CA 1955.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*688 Edwin W. Fleshman, Baton Rouge, for Plaintiff-Appellee.
Kenneth A. Back, Lafayette, and Stephen P. Strohschein, Baton Rouge, for Defendant-Appellant, Francis J. Camel.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
In 1988 Brunson Bonding and Insurance Agency, Inc. (Brunson), obtained a judgment against Francis J. Camel (defendant), Francis Camel Construction, Inc., and Francis Camel Disposal, Inc., in solido, totaling $56,953.07, plus interest and costs. In 1989 defendant opened a rollover Individual Retirement Account (IRA) with Thomson McKinnon Securities, Inc. (TMS), depositing $273,384.82. This self-directed IRA permitted trading in stocks within the account.
In 1990 Brunson filed garnishment proceedings in Civil District Court in Orleans Parish and attempted to seize the IRA. The suit was unsuccessful; the court rendered judgment holding the account was exempt from seizure under Louisiana law. That judgment is final.
Subsequently, Brunson assigned the 1988 judgment to Insurance Associates, Inc. (plaintiff), TMS merged with Prudential Securities, Inc. (Prudential), and defendant's IRA increased in value. As of August 23, 1994, defendant's IRA had a total market value of $677,912.09. Prudential's records show the increase in the account was due to a combination of dividends from mutual funds and a money market account and profits from the sale of stock and United States Treasury STRIPS.[1] For purposes of this *689 appeal, these profits shall be referred to as "capital gains."[2]
Plaintiff sought to garnish the Prudential IRA. Defendant moved to quash the order of seizure, alleging the account is exempt from seizure under Louisiana law and the 1990 Orleans Parish judgment bars re-litigation of that issue.
The trial court held the Orleans Parish judgment did not bar plaintiff's garnishment suit, that capital gains on IRA's are not exempt from seizure, and that defendant's capital gains in this IRA are subject to seizure by plaintiff. From this judgment defendant appeals.

RES JUDICATA
The preclusive effect and authority of a judgment rendered in an action filed before January 1, 1991, are determined by the law in effect prior to that date. Acts 1990, No. 521, § 5. Thus, the Orleans Parish judgment is governed by the version of Louisiana Revised Statute 13:4231 in effect in 1990. Under that law, a second action is barred by the defense of res judicata only when the parties, the cause, and the thing demanded are identical. McClendon v. State, 94-0111, p. 4 (La. 9/6/94), 642 So.2d 157, 159.
The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Terrebonne v. Theriot, 94-1632, p. 4 (La.App. 1st Cir. 6/23/95), 657 So.2d 1358, 1361, writ denied, 95-2249 (La. 11/27/95), 663 So.2d 743. If any doubt exists as to its application, the exception of res judicata must be overruled and the second suit maintained. Succession of Turner, 610 So.2d 919, 922 (La.App. 1st Cir. 1992). A final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. Id. Identification of issues actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. Ebey v. Harvill, 26,373, p. 3 (La.App.2d Cir. 12/7/94), 647 So.2d 461, 464.
Defendant alleges in his brief that in the Orleans Parish suit, garnishment proceedings were brought against the "identical account, bearing the same number, and owned by the same person." Only the judgment from that suit is contained in the appellate record, but the parties stipulated: "The Civil District Court for the Parish of Orleans rendered a judgment on August 7, 1990 that this account when held by Thomson McKinnon Securities, Inc. was exempt from seizure."
Plaintiff contends the issue whether the capital gains accrued in the IRA are seizable was not litigated in the Orleans Parish suit, and thus the 1990 judgment does not bar litigation of that issue now. There is no evidence in the record to indicate the issue was litigated, and the Prudential records do not show any profits from the sale of stocks or Treasury STRIPS prior to the date of the Orleans Parish judgment.
When new facts intervene before the second suit, furnishing a new basis for the claims of the parties, the issues are no longer the same, and the former judgment cannot be pleaded in bar. Campbell v. Gullo, 142 La. 1082, 78 So. 124, 125 (1918). Here we have a new fact, the accrual of capital gains, and a new issue, whether those capital gains are exempt from seizure. Thus, the identity of issues requisite for the application of res judicata is absent. We find the trial court was legally correct in overruling the exception of res judicata.[3]

ARE CAPITAL GAINS EXEMPT FROM SEIZURE?
From 1968 to 1983, Louisiana Revised Statute 20:33 provided in pertinent part: "The following shall be exempt from all liability for any debt except alimony and child *690 support: (1) All pensions and all proceeds of and payments under annuity policies or plans." In 1981, the United States Bankruptcy Court for the Western District of Louisiana ruled IRA's were not exempt from seizure under this statute. In re Talbert, 15 B.R. 536 (W.D.La.1981). The court noted that to allow a debtor to exempt an IRA account would give him a license to convert non-exempt cash to an exempt savings account on the eve of bankruptcy (or collection attempts by a creditor), with the account being revocable at the debtor's discretion.
Two years later the legislature specifically exempted IRA's from seizure by amending Revised Statute 20:33. This exemption, however, contained certain qualifications to protect against the type behavior mentioned by the court in Talbert. The statute, as amended, provides in pertinent part:
The following shall be exempt from all liability for any debt except alimony and child support:
(1) All pensions, ... all individual retirement accounts, ... and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account ... is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon. No contribution shall be exempt if made less than one calendar year from the date of filing for bankruptcy, whether voluntary or involuntarily, or less than one calendar year from the date writs of seizure are filed against such account or plan.
(Emphasis added.)[4]
The trial court found the plain language of this statute exempts only tax-exempt IRA contributions and the interest and dividends accruing thereon, and not capital gains. Defendant argues, however, that the language "all individual retirement accounts" includes the entire account with any form of appreciation, that the language "plus interest or dividends" is mere surplusage, and that the statute should be interpreted liberally in his favor.
"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.C.C. art. 9. "The words of a law must be given their generally prevailing meaning." La.C.C. art. 11.
In this case, the words "interest or dividends" are clear and must be given their generally prevailing meaning, which does not include profits made from the sale of stocks or Treasury STRIPS. The trial court was legally correct in holding the capital gains attributable to the investments in defendant's IRA are subject to seizure under Louisiana law, and we affirm that holding.[5]
The parties did not provide the court with an accounting separating the appreciation into dividends, capital gains, and appreciation of stock still held in defendant's IRA. It is difficult for us to make such an accounting from the records in evidence. We remand this suit to the trial court to determine the dollar amount of the seizable assets (the capital gains), and to that extent the trial court's judgment is modified and amended.
Costs of this appeal are assessed to defendant.
AFFIRMED IN PART; AMENDED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] STRIPS is an acronym for Separate Trading of Registered Interest and Principal Securities, a government-issued form of zero-coupon bond in which the coupons are stripped from the principal, and the principal and coupons are sold separately.
[2] "Capital gains" are defined by the Internal Revenue Code as the profit realized on the sale or exchange of a capital asset. I.R.C. § 1201. We use this term for convenience, although we realize the term "capital gains" is normally used in a tax context and IRA's are tax-exempt.
[3] Because of our ruling on this issue we pretermit consideration of the other grounds cited by the trial court in overruling the exception.
[4] In 1990 the legislature amended Revised Statute 13:3881 to add language which virtually duplicates Revised Statute 20:33. Acts 1990, No. 495, § 1, adding subsection D.
[5] Because of this finding and because it appears the capital gains are more than sufficient to satisfy the judgment, we pretermit discussion of whether defendant's pledge of $100,000.00 in the previous IRA in 1988 changed the tax-exempt character of that portion of the account.