McDonald, j.
12Claimant/appeIIant appeals the decision in a workers’ compensation hearing sustaining an exception raising the objection of res judicata and dismissing his claims. For the following reasons, we affirm.
Claimant/appellant, Henry Lee (Lee), was working for Twin Brothers Marine Corporation (Twin Brothers) when he injured his right knee on January 6, 2000. Dr. Andre Cenac, Lee’s treating physician, performed orthoscopic surgery on both of Lee’s knees and released him to return to work in October 2000. Lee returned to work on October 11, 2000, and worked until March 16, 2001.
*777 In September 2001, Lee filed a disputed claim for compensation alleging that benefits were terminated on October 10, 2000, that Twin Brothers refused to pay for medical treatment and prescriptions and refused to authorize proper medical treatment. The matter was scheduled for trial, but was continued on two occasions to give Lee additional time to obtain the deposition of Dr. Cenac and other orthopedic surgeons who may have assisted in Lee’s surgery.
Prior to trial the parties stipulated to the following: 1) the claimant, Henry D. Lee, hurt his right knee at work on January 6, 2000; 2) the claimant had seen Dr. Andre Cenac for left knee complaints related to an accident the claimant had at home earlier; 3) Dr. Cenac performed or-thoscopic surgery on both knees at the same time, and approved the claimant to return to work at medium duty from October 11, 2000 to March 16, 2001 for which he was paid full wages; 4) the claimant’s hypertension and low back complaints were unrelated to work; and 5) temporary total disability benefits were paid from January 14, 2000 to October 10, 2000 at $377.63 a week.
I :-iThe trial was held on September 18, 2002. On October 9, 2002, judgment was rendered finding that Lee was not entitled to temporary total disability benefits from March 17, 2001 to the time of trial and that Twin Brothers reasonably controverted the workers’ compensation claim. No appeal was taken from that judgment.
In January 2003, Lee, represented by different counsel, filed another disputed claim for compensation form 1008, claiming entitlement to compensation for medical treatment of “knee replacement,” as recommended by Dr. Cenac, and penalties, attorney’s fees, and costs. The workers’ compensation judge sustained Twin Brothers’ exception raising the objection of res judicata and dismissed Lee’s claims with prejudice at his cost. Lee appealed that judgment. This court reversed and remanded because the record in the previous litigation was not in the appeal record and therefore, there was no evidence to support the workers’ compensation judge’s findings.[1] Subsequently, Twin Brothers filed the exception raising the objection of res judicata, which was granted by the workers’ compensation judge. Thereafter, this appeal was timely filed.
Louisiana Revised Statute 13:4231 sets forth the factors for a court to apply in determining whether a subsequent claim is barred by res judicata and provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of 14the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The purpose of res judicata is to promote judicial efficiency and final resolu *778 tion of disputes by preventing needless relitigation. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079. The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Diamond B Const Co. v. Dept. of Trans & Dev., 02-0573, p. 8 (La.App. 1st Cir.2/14/03), 845 So.2d 429, 435. The doctrine of res judicata is stricti juris and should be rejected when doubt exists as to whether a party’s substantive rights have actually been previously addressed and finally resolved. Domingue ex rel. Domingue v. Allied Discount Tire and Brake, Inc., 2002-1338, p. 5 (La.App. 1st Cir.5/9/03), 849 So.2d 690, 695, writ denied, 2003-1605 (La.10/3/03), 855 So.2d 320. A final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. Ins. Associates, Inc. v. Francis Camel Const. Inc., 95-1955, p. 3 (La.App. 1st Cir.5/10/96), 673 So.2d 687, 689. Identification of issues actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. Ebey v. Harvill, 26,373, p. 3 (La.App. 2nd Cir.12/7/94), 647 So.2d 461, 464.
Our examination of the transcript of the original trial on the merits held in September 2002, confirms that the issue of Lee’s entitlement to a right knee replacement was litigated. We find no error in the judgment sustaining Twin Brothers’ exception of res judicata. Therefore, the judgment of the workers’ compensation judge is affirmed, and this opinion | fiis issued in accordance with Uniform Rules— Courts of Appeal, Rule 2-16.2 A(6). Costs of this appeal are assessed to Henry Lee.
AFFIRMED.

. Lee v. Twin Brothers Marine Corp., 2003-2034 (La.App. 1st Cir.9/17/04), 897 So.2d 35.