COVINGTON, Judge.
This is an appeal by the intervenor,[1] Mary F. Genola, from judgment of the district court decreeing that the property involved in the lawsuit, a 6V2 acre tract in East Baton Rouge Parish, formed a part of and belonged to the community of acquets and gains between Leatrice H. Genola and Alton S. Genola and that the subject property was not divisible in kind. The judgment further ordered a partition of the described property and dismissed the intervéntion of Mary F. Genola. We affirm.
This action commenced as a petition for settlement of community property brought by plaintiff, Leatrice H. Genola, against her husband, Alton S. Genola, on June 6, 1979, following a legal separation on January 12, 1979. The property was alleged to be not divisible in kind. The defendant answered, averring that the subject property did not belong to the marital community, but was the property of his mother, Mary F. Genola. Subsequently, on July 15, 1980, Mary F. Genola intervened, alleging that she was the owner of the property which she had acquired from McHenry Browning on February 16, 1952. The plaintiff responded to the intervention, asserting that the interve-nor never acquired any ownership or rights in the subject property. The defendant admitted the allegations of his mother’s intervention.
The facts establish that plaintiff and defendant were married on February 14,1953, and were judicially separated on January 12, 1979.
Prior to the said marriage, Mary F. Geno-la, widow of F. L. Genola, had executed an instrument with McHenry Browning dated February 16, 1952, under which Browning agreed to sell to Mary Genola the described property, with the consideration recited as $1,850.00, payable in monthly installments of $25.00 at 8% per annum interest. The instrument recited that there was an existing mortgage on the property, and that Browning reserved the right at his option to cancel the contract. The record reflects that no testimony was given and no documents were introduced to show that any deed translative of title to the property was *364 ever passed from Browning to Mrs. Mary Genola.
Thereafter, on April 7, 1953, Browning entered into a “sale with mortgage” contract with Alton S. Genola, husband of Lea-trice H. Genola. Mary F. Genola appeared in this act as follows:
“And now into these presents personally came and appeared Mrs. Mary F. Genola who declared to me, said Notary, that the said property was sold to her under contract from McHenry Browning and that she appears herein to waive and renounce any right that she may have under said contract and further declares that she has no interest in this property and that she consents to the sale of this property to Alton S. Genola.”
Then, on March 15, 1963, Alton and Lea-trice Genola executed a mortgage in favor of Guaranty Federal Savings and Loan Association for $11,900.00 to build a new house on the property.
From the facts in the record, particularly the language of the contract of February 16,1952, it is clear that Browning and Mrs. Genola (Mary), the parties to the contract, did not intend a sale, transferring title to the property, until after the payments had been made pursuant to the provisions of the contract. It also appears, although not expressly stated, that the parties to the instrument intended that a deed was to be executed after Mrs. Genola had paid for the property. The subject contract in this case is clearly an agreement to sell, not a sale. The contract was not a deed translative of title. Kendall v. Kendall, 174 La. 148, 140 So. 6 (1932); Pruyn v. Gay, 159 La. 981, 106 So. 536 (1925); Leinhardt v. Marrero Land and Improvement Association, Ltd., 137 So.2d 387 (La.App. 4 Cir. 1962); Litvinoff, Of the Promise of Sale and Contract to Sell, 34 La.L.Rev. 1017, 1063-1069 (1974). We find that the trial court correctly held that the contract was not a sale, but was an agreement to sell.
Furthermore, we find that the trial court’s finding that the property, having been acquired during the marriage of Alton and Leatrice Genola, belonged to the community of acquets and gains existing between them. Under Articles 2334, 2402, 2405 (as they existed prior to January 1, 1980) and the attendant jurisprudence, all property acquired during marriage is presumed to belong to the community. See Cheramie v. St. Pierre, 382 So.2d 1003 (La.App. 1 Cir. 1980). There is no evidence in the record which even suggests that the property is Alton Genola’s separate property. It either belonged to his mother (and we have held it is not owned by Mary Genola), or to the community. Thus, we hold that the defendant and the intervenor have failed to meet their burden of proof and have not overcome the presumption in favor of the community. See Perkins v. Ray, 365 So.2d 1189 (La.App. 3 Cir. 1978). We thus decree that the following described property forms a part of and belongs to the community of acquets and gains formerly existing between Leatrice H. Genola and Alton S. Genola, to-wit:
The following property located in the Parish of East Baton Rouge, State of Louisiana. A certain tract of land containing Six and one-half (6V2) acres of ground, described as follows, to-wit:
One (1) acre of land taken from a 100-acre tract of T. L. Ellis, taken from the northwest corner of the 100-acre tract and having a front of one (1) acre on the east side of the extension of Devall Road by a depth of one (1) acre between parallel lines, and bounded on the north by Mrs. M. E. Richards, east and south by the remainder of the 100 acre tract, on the west by the extension of the Devall Road; and Five and 50/ioo (5.50) acres, more or less, forming the northeast corner of the 100-acre tract in Secs. 29 & 30, T-5-S, R-2-E, bounded north by Mrs. N. C. Cline, east by E. L. Westbrook and W. B. Townsend, south by Mrs. S. C. Schwing and west by A. A. Jackson, all as will be more fully shown on a map made by Charles Lawrence, C. E., dated September 6, 1943, and attached to Original 46, Bundle 1606, Office of the Clerk and Recorder for the aforesaid Parish and State.
*365 Accordingly, we affirm the judgment of the trial court at intervenor’s costs.
AFFIRMED.

. The defendant, Alton Genola, did not appeal the judgment.