KLIEBERT, Judge.
In this marital litigation Chester Kimble, the husband, contends a 1975 Champion Mobile Home is his separate property and Sally Kimble, the wife, contends it is community property.
During the course of a hearing on the partition of the community property formerly existing between them, Harvey Kimble, the husband’s father, appeared as a witness, claimed ownership of the mobile home, and testified that: (1) the mobile home had been purchased and paid for by him, (2) it was purchased for the use of his son and daughter-in-law, Chester and Sally Kimble, (3) he allowed his son and daughter-in-law to use the home rent free, and (4) he had agreed to and would now convey title to them upon receipt of payment of the amount he had paid for the mobile home, i.e., $3,335.00.
From the copy of the Certificate of Title No. C118771 contained in the record it appears the registered owner of the mobile home was Grace LeBlanc and that on the rear of said certificate she, as the registered owner, had signed an assignment and conveyance of the mobile home. Although the assignment was unwitnessed and unnotarized, and unclear as to when and by whom completed, the assignment signed by Grace LeBlanc showed “Harvey *1344 Kimble” as the assignee. Nevertheless, the trial judge concluded the mobile home had been purchased by Chester and Sally Kimble with funds borrowed from Harvey Kimble and therefore held the mobile home was owned by the community of acquets and gains existing between Chester Kimble and Sally Kimble, and that the community was indebted to Harvey Kimble for the purchase price.
Following the court’s ruling, Harvey and Madeline Kimble intervened in the action and brought this appeal pursuant to the provisions of Code of Civil Procedure Article 2086.[1] Neither the husband nor the wife made an appearance in this Court.
Counsel for intervenors (same as the husband’s counsel in the trial court) argues title to the mobile home could not be adjudicated without intervenors being made parties to this suit. Counsel urges us to note that intervenors were indispensable parties and points out that we can notice the exception on our own motion pursuant to La.C. C.P. Article 925. We elect to do so and having done so, reverse and remand the case.
To adjudicate title to the mobile home while Harvey Kimble was not a party to the litigation would be to deprive him of his constitutionally protected right of due process.
Louisiana Code of Civil Procedure Article 641 provides:

“Compulsory joinder; indispensable parties

Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
In Jackson v. Jackson, 425 So.2d 379 (La.App. 3rd Cir.1982) an action involving the partition of community property, the court said that any decree affecting title (the trial court had concluded the sale of real estate was a simulation) could have no effect against third party claimants unless they were joined as parties. See also, Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied 433 So.2d 162 (La.1983).
Accordingly, insofar as the judgment of the trial court sought to adjudicate ownership of the mobile home registered under Certificate of Title No. C118771 as between intervenor Harvey Kimble and Chester and Sally Kimble, it is set aside and the case remanded to the trial judge for further proceedings. Costs of the appeal are to be divided equally between Chester Kimble and Sally Kimble.
SET ASIDE AND REMANDED.

. Code of Civil Procedure Article 2086 provides as follows:

"Right of third person to appeal

A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken."