608 So.2d 256 (1992)
Margaret Dietz ANGELICA
v.
Nicholas ANGELICA, M.D.
No. 92-CA-376.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Rehearing Denied November 17, 1992.
Writ Denied January 29, 1993.
*257 D. Douglas Howard, Jr., Rachel M. Guidry, New Orleans, for plaintiff/appellee Margaret Dietz Angelica.
Robert C. Lowe, Terence L. Hauver, Jeanne M. Gravois, New Orleans, for defendant/appellant Nicholas Angelica, M.D.
GRISBAUM and CANNELLA, JJ.
*258 CANNELLA, Judge.
On September 30, 1992, prior to beginning oral argument, appellee filed a Motion To Recuse relative to Judge Fred S. Bowes, a panel member. The motion was argued and submitted to the remaining two panel members. Before the motion was ruled on, Judge Bowes agreed to the recusal. The appeal was argued and submitted to Judge Grisbaum and Judge Cannella pursuant to LSA-C.C.P. art. 160.
Defendant, Nicholas Angelica, M.D., appeals from actions of the trial court which denied his exception of no cause of action, found that he was in contempt of court for failure to pay alimony and denied his motion for new trial. We affirm.
The parties were divorced on March 2, 1990.[1] Incidental to that proceeding, they entered into a consent judgment of postdivorce alimony on March 1, 1990, which states, in part:
IT IS ORDERED, ADJUDGED AND DECREED that Nicholas Angelica pay contractual alimony to Margaret Dietz in the full and true sum of SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS per month, payable in two equal semi-monthly installments of $350.00 each on the first and fifteenth days of each month, the first payment becoming due and payable on January 1, 1990. This contractual alimony shall run for twenty consecutive months, beginning January 1, 1990, and ending with the 20th payment, after which Margaret Dietz Angelica waives any and all rights which she might otherwise have had to claim support from Nicholas Angelica under any and all circumstances whatsoever, which waiver is knowingly made.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, taking into consideration the filing date of the rule and the compromise of the parties, Nicholas Angelica be, and is hereby ordered to immediately pay $500.00 in pendente lite alimony to Margaret Dietz Angelica, bringing alimony payments current through December 31, 1989.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the contractual alimony amount of $700.00 per month for twenty months cannot be increased or decreased for any reason whatsoever; these payments are fixed and immutable, but they are not lump sum alimony.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties have knowingly and voluntarily waived any and all rights which they might otherwise have had to appeal the Judgment of Divorce or this Consent Judgment.
On August 8, 1990 Dr. Angelica filed a Rule To Terminate Contractual Alimony, alleging that Mrs. Angelica was living in open concubinage and no longer entitled to post-divorce alimony. Mrs. Angelica orally asserted an exception of no cause of action, which was granted at hearing on October 29, 1990 by judgment of October 31, 1990. Because the court gave no reasons for judgment and the transcript of that proceeding is not contained in the record before us, it is not clear whether the court's ruling against Dr. Angelica was based on a lack of evidence to support the assertion or an adverse interpretation of the consent decree of alimony.[2] At any rate, the judgment of alimony dated March 1, 1990 continued in force.
On July 31, 1991 Mrs. Angelica filed a Rule For Contempt alleging that Dr. Angelica refused to pay alimony as ordered by the judgment of March 1, 1990. Dr. Angelica filed an Exception of No Cause of Action, asserting that Mrs. Angelica's entitlement to post-divorce alimony terminated, by operation of law, on the date of her remarriage, thus justifying his failure to pay. He did not file a rule to terminate alimony. Consequently, the only matters before the trial court at the hearing on October 3, 1991 were the Rule For Contempt *259 of Mrs. Angelica and the Exception of No Cause of Action of Dr. Angelica. The trial court denied the exception and held Dr. Angelica in contempt by judgment rendered on October 3, 1991 and read and signed on October 9, 1991.
As explained in Wonycott v. Wonycott, 579 So.2d 506 (La.App. 4 Cir.1991), an action for enforcement of a valid alimony judgment states a cause of action, which is not subject to a dismissal on a peremptory exception of no cause of action, even if one has a defense to the claim.
The peremptory exception raising the objection of no cause of action questions whether the petition alleges grievances for which the law affords a remedy. Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748 (La.App. 4th Cir.1984); Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981), writ den., 410 So.2d 1135 (La.1982). For the adjudication of the objection the wellpleaded facts of the petition are accepted as true. Reed v. Yor-Wil, Inc., supra. No evidence may be introduced at any time to support or controvert the objection. LSA-C.C.P. art. 931; Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir.1983), on reh'ng, 454 So.2d 908 (La.App. 5th Cir.1984). Contrary factual assertions are considered defenses which must be tried on the merits. Sajare Interests, Ltd. v. Esplanade Management, supra. Wonycott at 507-8.
The law is well established that, in the absence of a suit for modification, reduction or termination of alimony, a judgment cannot be altered or modified except in certain instances where the award is terminated by operation of law. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). LSA-C.C. art. 232. We are mindful of LSA-C.C. art. 112(A)(4)[3] which states that, "(p)ermanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage." However, we believe that, in the instant case, since the contractual alimony has elements of both periodic and lump sum alimony, the trial court could decide, at a trial on the merits, that the agreement on alimony does not terminate at remarriage. Because the contract is equivocal and requires interpretation by the trial court, this is not a matter properly considered on an Exception of No Cause of Action. Such an exception cannot be used as a replacement for a trial on the merits. Oster v. Oster, 563 So.2d 490 (La.App. 4 Cir.1990), writ den. 568 So.2d 1059 (La. 1990). Dr. Angelica's remedy is a motion for termination of alimony. Thus, we believe the trial court was correct in its denial of the no cause of action exception and the finding that Dr. Angelica was in contempt for his failure to pay alimony according to the terms of the consent judgment.

Costs and Attorneys Fees
Dr. Angelica also complains of the trial court's award, to Mrs. Angelica in the judgment, of $210.00 in court costs and $1,000.00 in attorney's fees. Dr. Angelica argues that costs and attorney's fees cannot be awarded, absent a showing of competent, credible or sufficient evidence to support an award.
LSA-R.S. 9:375 A provides:
§ 375. Award of attorney's fees
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory pastdue installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
The amount of costs and attorney's fees to be awarded is a matter within the sound discretion of the trial judge. Ourso v. Ourso, 482 So.2d 824 (La.App. 4 Cir.1986), writ den. 484 So.2d 139 (La.1986). A court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of the services *260 rendered in contempt of court for failure to pay alimony proceedings. Andras v. Andras, 410 So.2d 328, 331 (La.App. 4 Cir. 1982). We do not find an abuse of the trial court's discretion in the award of costs and attorney's fees in this instance.

Interest
Dr. Angelica asserts that legal interest was erroneously and improperly awarded and calculated. On the matter of interest the judgment states:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that NICHOLAS ANGELICA, M.D. is hereby granted a period of thirty (30) days or until November 1, 1991, in which to purge himself of this contempt by paying to MARGARET DIETZ ANGELICA the total arrearages of NINE THOUSAND ONE HUNDRED AND NO/100 ($9,200.00) DOLLARS, plus legal interest from the date those payments were due, in the amount of SEVEN HUNDRED SIXTY-ONE AND 12/100 ($761.13) DOLLARS as of October 3, 1991.
LSA-C.C. art. 2000 provides that:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924.
The judgment in this matter awards legal interest from the dates the payments were due. The amount of $761.13 was merely a calculation of what that interest amounted to as of October 3, 1991. Interest will continue to accrue until paid. See Serrate v. Serrate, 472 So.2d 137 (La.App. 5 Cir. 1985). This assignment is without merit.

New Trial
Finally, Dr. Angelica argues that the trial court should have granted his Motion For New Trial because the judgment failed to consider his motion for unauthorized use of summary proceedings. Because no such written exception for unauthorized use of summary proceedings was filed by Dr. Angelica, in accordance with LSA-C.C.P. art. 924, we find no error in the trial court's decision to deny his Motion For New Trial.
Mrs. Angelica seeks damages for frivolous appeal. This court may award damages for frivolous appeal in civil cases as provided by law. Uniform Rules-Courts of Appeal rule 2-19. LSA-C.C.P. art. 2133 provides that an appellee must file an answer to the appeal in order to demand damages. The record does not indicate that appellee has filed an answer to the appeal. Consequently, we are unable to address this demand.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] The judgment states March 2, 1989 but this appears to be a typographical error which was never corrected.
[2] There is some indication in the record that Mrs. Angelica was, in fact, remarried at this time.
[3] Formerly art. 160.