| iPETERS, Judge.
This is a suit by Gordon E. Dugal, Jr. objecting to the qualifications of Christopher Kole Obafunwa for the election to the office of Lafayette Parish President. From a judgment disqualifying the defendant from the October 21, 1995 election, the defendant appeals.
*187 The facts concerning the defendant’s candidacy and disqualification are simple. The defendant, Christopher Kole Obafunwa, is not a qualified elector or a registered voter in the Parish of Lafayette. The defendant attempted to register to vote on November 18, 1994, and listed his place of birth as “Lafayette, Lafayette Par. originally Nigeria.” On November 28, 1994, the Registrar of Voters for Lafayette Parish was advised by the Department of Justice for the State of Louisiana that La.R.S. 18:105 required an applicant of foreign birth to submit a certificate of naturalization,_j2a current United States passport, a certificate of citizenship or a certificate of repatriation in order to prove citizenship of the United States with his voter registration application. Due to the failure of the defendant to produce proof of citizenship to the Registrar of Voters, the defendant was not permitted to register to vote.
On September 1, 1995, the defendant submitted a Louisiana Mail Voter Registration Application Form listing his place of birth as Nigeria. On September 6, 1995, he filed his State of Louisiana — Notice of Candidacy Qualifying Form for the office of Lafayette Parish President. On the qualifying form the defendant listed that the issue of qualified elector status was still being determined by the Louisiana Attorney General’s Office and federal court. On September 8, 1995, the plaintiff, Gordon Dugal, Jr., a qualified elector in the Parish of Lafayette, filed the instant petition objecting to the qualification of the plaintiff for the election to the office of Lafayette Parish President. A hearing was held on September 14, and on that date the court rendered judgment disqualifying the defendant from the October 21,1995 election.
After a review of the record, this court determines that the only issue is whether a resident alien who possesses a green card from the U.S. Department of Justice — Immigration and Naturalization Service, and is not a qualified elector or registered voter in the Parish of Lafayette, meets the qualifications necessary for candidacy for the office of Lafayette Parish President.
The Home Rule Charter for the Lafayette City — Parish Consolidated Government of April 1992, states that the Lafayette Parish President must be a qualified elector of the parish. La.R.S. 18:462(B) states that local and municipal candidates must qualify for a primary election with the Clerk of Court for the parish in which the candidate is registered to vote. La.R.S. 18:463(A)(l)(a) states that a | .«¡notice of candidacy shall be in writing and state the candidate’s name, the office he seeks, the parish, ward and precinct where he is registered to vote.
Pursuant to these provisions, it is clear that in order to be a candidate for the Lafayette Parish President, a candidate must be registered to vote in the Parish of Lafayette at the time he files his notice of candidacy. In the present case the defendant does not meet this qualification and the trial court properly disqualified the defendant from the October 21, 1995 election.
The plaintiff in his brief seeks damages for frivolous appeal. La.Code Civ.P. article 2133 provides an appellee must file an answer to an appeal in order to demand damages. The record does not indicate that appellee has filed an answer to the appeal. Therefore we are unable to address this demand. See Angelica v. Angelica, 608 So.2d 256 (La.App. 5 Cir.1992), writ denied, 612 So.2d 65 (La.1993).
For the foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed to the appellant.

AFFIRMED.