GRAVOIS, J.
In this community property partition suit between former spouses Heather Grace Villarrubia and Todd Villarrubia, intervenor/appellant Todd M. Villarrubia, PLC d/b/a Wealth Planning Law Group ("the PLC"), appeals the trial court's judgment of January 22, 2018 (as amended on July 18, 2018),[1] granting Heather's exceptions of no right of action and no cause of action, dismissing the PLC's intervention in the community property partition proceeding. Following the PLC's appeal to this Court, Heather filed a motion to dismiss the appeal, arguing that the PLC's appeal is moot as "the final judgments impose no obligation" on the PLC in this matter.[2] For the following reasons, we deny the motion to dismiss the appeal and affirm the judgment that dismissed the PLC's intervention in the community property partition proceeding.
PROCEDURAL HISTORY AND FACTS
Todd M. Villarrubia, plaintiff, filed a petition for divorce against Heather Grace Villarrubia, defendant, on June 10, 2014. In 2001, prior to the parties' marriage in 2002, Todd, an attorney, formed a professional law corporation, a Subchapter S corporation ("the PLC"), for his law practice, of which he was 100 per cent owner, the sole member, and where he was employed throughout the marriage and after his filing of the petition for divorce.[3] Following the BP Deepwater Horizon oil spill, the PLC entered into contingency fee contracts for the adjustment of BP claims of many of the PLC's clients. Todd performed work on the BP files both before *558 and after the filing of the petition for divorce for which settlement proceeds were received after the petition for divorce was filed. In the community property partition proceeding, a dispute arose concerning the amount of Todd's compensation for the work he performed on the BP contracts during the time of the marriage, which Heather claimed was community property and for which she sought her statutory share from the BP settlement proceeds held by the PLC. Heather also claimed that the value of the PLC was enhanced, during the marriage, by the uncompensated or undercompensated labor of Todd, which could form the basis of a reimbursement claim in her favor pursuant to La. C.C. art. 2368. Todd claimed that he was compensated during the community by a salary and that all fees received from the contingency fee contracts were the property of the PLC. Heather propounded discovery upon Todd individually, seeking records and information from the PLC regarding the BP contracts, as well as other contingency fee contracts, and information relative to Todd's income and compensation during the marriage.
On December 8, 2014, the PLC intervened in the community property partition proceeding, claiming that intervention was necessary "to protect the PLC's rights and property," noting Heather's discovery requests. On April 2, 2015, the PLC filed a motion for summary judgment in the intervention, arguing that the BP contingency fee contracts were the property and assets of the PLC, a distinct legal entity separate from Todd, and were neither community property nor the separate property of Todd. Heather filed exceptions of unauthorized use of summary proceedings as per La. C.C.P. art. 969, no cause of action, and no right of action, reiterating that she did not claim an ownership interest in the BP contracts. Following a hearing, the trial court issued a written judgment on June 1, 2015 granting the exception of unauthorized use of summary proceedings, declaring the exceptions of no right of action and no cause of action moot, and denying the PLC's motion for summary judgment.[4]
The appellate record reveals that the parties entered into a consent judgment on February 23, 2015, partially partitioning the community property, but reserving all rights to items not partitioned therein. The record further shows that in a March 29, 2016 Consent Judgment, the parties reached an agreement to partition the rest of the community property, but reserved determination of issues relating to the BP contracts, to wit:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party does expressly reserve any and all rights he or she has or may have with respect to
1. The valuation, enhancement and/or reimbursement claims affecting or relating to the Professional Law Corporation, including but not limited to any BP or Deepwater Horizon claims.
On November 17, 2017, Heather reurged her previous exceptions of no right of action and no cause of action relative to the PLC's intervention in the community property partition proceeding. She based her exceptions on recent deposition testimony of Todd individually, and of Antonio Cino, *559 the PLC's La. C.C.P. art. 1442 representative, wherein neither deponent claimed to know the reason for the PLC's intervention. Both Todd and the PLC opposed the exceptions. Following a hearing on January 9, 2018, the trial court rendered a written judgment on January 22, 2018 in favor of Heather, granting her exceptions (and by amended judgment dated July 18, 2018, dismissing the PLC's intervention).
The trial of the remaining community property reimbursement issue went forward on January 29, 2018. The trial court rendered judgment on April 10, 2018, ruling that the BP fees were community property and awarding Heather the amount of $782,766.83 as her half share thereof. Meanwhile, on March 29, 2018, the PLC filed a motion for a devolutive appeal from the judgment of January 22, 2018 (as amended on July 18, 2018) dismissing its intervention, which appeal was granted.[5]
MOTION TO DISMISS APPEAL
In her motion to dismiss the appeal, Heather argues that the PLC's appeal should be dismissed because in the subsequent community property partition judgment rendered on April 10, 2018 (as amended on June 18, 2018), the trial court did not render a judgment either for or against the PLC. Herein, however, the PLC appeals the judgment rendered on January 22, 2018 (as amended on July 18, 2018) which dismissed its intervention in the community property partition proceeding. Such judgment is clearly adverse to the PLC as per La. C.C.P. art. 2082 ; the fact that the April 10, 2018 judgment on the merits of the partition proceeding imposes "no obligation" on the PLC is not the pertinent criteria for determining the PLC's right to appeal the instant judgment.[6] Accordingly, the motion to dismiss the appeal is denied.
ANALYSIS
Interventions are governed by La. C.C.P. art. 1091, which provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
There is a twofold requirement for third-party interventions. The intervenor must have a justiciable interest in, and a connexity to, the principal action. Atchley v. Atchley , 97-474 (La. App. 5 Cir. 1/14/98), 707 So.2d 458, 459. "Justiciable interest" is defined as the right of a party to seek redress or a remedy against either the plaintiff or the defendant in the original action, or both, and where those parties have a real interest in opposing it. Id. If a justiciable interest exists, it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Id.
*560 In her appellee brief, Heather argues that La. R.S. 9:2801, which provides the exclusive procedure for community property partitions, provides no mechanism for a non-party third person to intervene, and thus the PLC had no right of action to intervene in this proceeding. However, we find that La. C.C.P. art. 1091 provides the mechanism for non-spouse third persons to intervene in a community property partition proceeding. Jurisprudence is clear that non-spouse third parties may intervene in community property partition proceedings, provided that they have stated a cause of action and have a right of action. See Atchley, supra ; Kimble v. Kimble , 552 So.2d 1343, 1344 (La. App. 5th Cir. 1989).
Exception of no cause of action
In Scheffler v. Adams & Reese, LLP , 06-1774 (La. 2/22/07), 950 So.2d 641, 646-47, the Supreme Court stated:
Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. Montalvo v. Sondes , 93-2813 (La. 5/23/94), 637 So.2d 127, 131. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Ramey [v. DeCaire , 03-1299, p.] at 7 [ (La. 3/19/04) ], 869 So.2d [114], at 119 ; City of New Orleans [v. Board of Commissioners of Orleans Levee District, 93-0690, p.] at 28 [ (La.7/5/94) ], 640 So.2d [237] at 253. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is de novo . Fink [v. Bryant, 01-0987, p.] at 4 [ (La.11/28/01) ], 801 So.2d [346] at 349 ; City of New Orleans , at 28, 640 So.2d at 253. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Ramey , at 8, 869 So.2d at 119.
Louisiana does not have an exception of "no cause or right of action." The two are separate and distinct, each serving a particular and different purpose. Sajare Interests, Ltd. v. Esplanade Mgmt., Inc. , 459 So.2d 748, 749 (La. App. 4th Cir. 1984).
The "object" of a community property partition proceeding, the action herein, is the division of property belonging to the community of acquets and gains between former spouses. Community property comprises property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse. La. C.C. art. 2338. In a partition suit, which is conducted pursuant to La. R.S. 9:2801, property is determined to be either community or separate, according to the provisions of Title VI of the Louisiana Civil Code entitled "Matrimonial Regimes," unless it is determined to be owned by a third party. Because determining the spouses' ownership interests in property is one of the objects of a community property partition proceeding, an intervenor who asserts an ownership interest in property being considered in the partition suit has a "justiciable interest" as defined above.
The peremptory exception raising the objection of no cause of action questions whether the petition alleges grievances for which the law affords a remedy. Angelica v. Angelica , 608 So.2d 256, 259 (La. App. 5th Cir. 1992). For adjudication of the objection, the well-pleaded facts of the petition are accepted as true. Id. No evidence may be introduced at any time to support or controvert the objection. Id. La. C.C.P. art. 931.
*561 The PLC's intervention asserted that Heather claimed an interest in the BP contracts, which it claimed were the assets and property of the PLC, not Todd individually.[7] It claimed that its intervention was necessary to "present its own arguments" and to "safeguard" information given to it by its clients.
In no pleading at the point in the proceeding prior to the date of the filing of the petition for intervention did Heather assert an ownership interest in the BP contracts. Rather, up until the date of the filing of the petition for intervention, the pleadings contained only general references to each party desiring a termination of the community of acquets and gains, and a partition pursuant to La. R.S. 9:2801. The intervention was based upon Heather having propounded discovery upon Todd individually , a Notice of Records Only Deposition, seeking discovery from him of the PLC's records relative to the BP contracts, including but not limited to billing records, his hours worked, description of work, when the work was performed, and who performed the work. The notice also sought, from Todd individually, records of the PLC indicating all assets, liabilities, and net worth of the PLC.[8]
While the notice of deposition clearly seeks records from the PLC including but not limited to information pertaining to the BP contracts and files, nowhere in the notice of deposition, or in any other pleading, did Heather claim an ownership interest in the BP contracts, nor did she claim an ownership interest in any asset purportedly belonging to the PLC. Heather had a right to discover information from Todd relative to his earnings and compensation attributable to work he performed during the marriage, as per La. C.C. arts. 2338 and 2369.2, including work for which he did not see payment until after termination of the community.[9] Also, because it is undisputed that the PLC, a subchapter S corporation which was owned solely by Todd, is his separate property, Heather had a right to discover information related to any claim she may have for an increase in the PLC's value as a result of Todd's uncompensated labor or industry, as per La. C.C. art. 2368.[10] The requested discovery was clearly related to those statutory claims.
A review of jurisprudence concerning community property partition proceedings shows that it is not uncommon for some spouses to own closely held companies as separate property, or own a separate property interest in a closely held company, where either the separate nature of the company was challenged or where a spouse made a reimbursement claim under La. C.C. art. 2368.[11] Yet, a diligent search by this Court fails to show any case where *562 a closely held company owned separately by a spouse has intervened in a community property partition proceeding under factual circumstances similar to those involved in this case.
Generally, courts allow non-spouse third parties to intervene in community property partitions where the non-spouse shows a justiciable interest and a claim with connexity to property claimed to be part of the community. For example, in Genola v. Genola , 409 So.2d 362, 363 (La. App. 1st Cir. 1981), the mother of the defendant husband intervened in his community property partition proceeding, seeking to be recognized as owner of a 6½ acre parcel claimed to be part of the community. The intervention was allowed without discussion; after trial on the merits, the property was found to be community and the mother's claims were dismissed. Id. at 364. In Kimble v. Kimble , supra , 552 So.2d at 1344, this Court found the father of the husband to be an indispensable party to the partition proceeding where the father claimed ownership of the parties' mobile home, which the parties claimed was community property. These cases can all be distinguished from the present case, where Heather has not made a claim to property belonging to the PLC.[12]
Accordingly, the PLC's petition for intervention failed to state a cause of action, given that the PLC had no objectively rational basis to claim, upon Heather's discovery requests, that Heather claimed an ownership interest in property that belonged to the PLC, nor do we find that Heather actually asserted any ownership claims to property of the PLC through her discovery requests to Todd individually. This assignment of error is without merit.
Exception of no right of action
The exception of no right of action raises the issue of whether a particular plaintiff falls as a matter of law within the general class in whose favor the remedy may be asserted. Unlike the exception of no cause of action, on the trial of the exception of no right of action, evidence is admissible to support or controvert the issue of whether there is a right or interest in the particular plaintiff to institute the suit. A determination of whether a plaintiff has a right to bring an action raises a question of law. A question of law requires de novo review. Eagle Pipe & Supply, Inc. v. Amerada Hess Corp. , 10-2267 (La. 10/25/11), 79 So.3d 246, 252.
The sole remaining issue at the January 29, 2018 trial of the partition proceeding was whether the fees received by the PLC pursuant to the BP contracts were community property, in whole or in part, and if so, what amount thereof was earned by Todd attributable to his work performed during the marriage. The intervention, however, claimed that Heather sought either an ownership interest in the contracts or that she had asserted some "nebulous" interest in the contracts or fees, which the PLC claimed were the property of the PLC.
Heather, however, reiterated in pleadings that the partition dispute concerned not the ownership of the BP contracts, but rather Todd's compensation for work performed on the BP cases during the marriage, to-wit:
... she seeks "any and all attorney's fees earned, to be earned, paid, or to be *563 paid to Todd Villarrubia, individually or through any law firm in which he has an ownership interest, for work performed during the existence of the community on any and all BP cases, regardless as to whether fees were paid either during the existence of the community or after the community terminated. "
Ms. Villarrubia is not trying to claim an ownership interest in [the PLC's] assets.[13] Ms. Villarrubia is simply asserting that she is entitled to receive one half of the proceeds from the contingency fees received or to be received by her husband for work performed during the marriage. "[14] (Emphasis in original.)
To the extent that a right to receive proceeds derives from a spouse's labor and industry during the existence of the community, that right is a community asset, even if the proceeds are received after dissolution of the community. See La. C.C. arts. 2338 and 2369.2 ; Delahaye v. Delahaye , 04-0310 (La. App. 1st Cir. 12/30/04), 936 So.2d 822, 827.
Because it is clear from the record that Heather did not claim an ownership interest in the BP contracts, or an ownership interest in any other asset or property of the PLC, we find that the PLC had no right of action to intervene in the partition proceeding. Todd's compensation for work performed during the existence of the community, whatever amount it may have been or should have been, was never an asset of the PLC, and was never a claim that the PLC had to defend.
In Atchley v. Atchley, supra , this Court affirmed the grant of an exception of no right of action as to the intervention of Mr. Atchley's sister in his community property partition proceeding, finding that the intervenor had no right of action since the evidence showed that bonds in which she claimed an ownership interest were her brother's separate property, and therefore the partition of the community would not impact the intervenor's claimed interest in the bonds. Likewise, a partition of the Villarrubias' community of acquets and gains does not legally impact the property of the PLC.
The PLC argues that it was deprived of the right to "defend" against Heather's "claim of interest" in the PLC's BP contracts and/or fees. The PLC advanced the argument that since the BP fees were being held in its IOLTA[15] account, Heather had therefore asserted an ownership interest in that money, and that a judgment against Todd would impact the money held in its account. Thus, the PLC argues it had a "justiciable interest" and a "connexity" to the main demand justifying its intervention. The trial court disagreed, however, as do we. It was Todd's right, personally, to defend against any claims Heather made regarding the alleged community nature of the BP fees, not the PLC's. In the event the trial court were to later issue a judgment in Heather's favor, such judgment would be against Todd personally, not against the PLC. No judgment would or could be rendered against the PLC. The PLC's argument in this regard, that the money held in its IOLTA account would be impacted in the event of a judgment *564 in Heather's favor, flies in the face of its vigorously held position that Todd and the PLC are separate entities. While the PLC appears to assume that Todd would use the money in the PLC's IOLTA account to satisfy a judgment in favor of Heather, such a course of action would be Todd's personal choice, as 100 per cent owner and sole member of the PLC, and not a requirement of a judgment rendered solely against Todd personally.
This assignment of error is without merit.
Accordingly, we find no error in the trial court's judgment granting the peremptory exceptions of no cause of action and no right of action as to the PLC's intervention, dismissing the intervention.
CONCLUSION
For the foregoing reasons, Heather's motion to dismiss the appeal is denied. Further, the trial court's judgment granting Heather's exceptions of no cause of action and no right of action, and dismissing the PLC's intervention in this community property partition, is affirmed. All costs of the appeal are taxed to appellant.
MOTION TO DISMISS APPEAL DENIED; AFFIRMED

Previously, after the appeal was lodged, this Court found that the judgment of January 22, 2018 lacked the necessary decretal language to invoke this Court's appellate jurisdiction. Pursuant to this Court's order of July 17, 2018, the district court issued an amended judgment on July 18, 2018 to decree that the PLC's intervention was dismissed.

In her motion to dismiss, Heather is referring to the final judgment later rendered in the community property partition proceeding, which is also on appeal in this Court as case number 18-CA-430.

Heather does not dispute that the PLC is Todd's separate property.

The PLC sought supervisory review of this judgment from this Court, arguing that La. C.C.P. art. 969 did not prohibit the PLC, a non-spouse, from seeking a summary determination of the classification of the BP contracts. This Court, however, denied the PLC's writ application, agreeing with the trial court that the use of summary proceedings in a community property partition was prohibited by La. C.C.P. art. 969. Villarrubia v. Villarrubia , 15-487 (La. App. 5 Cir. 10/19/15) (unpublished writ disposition).

Todd also appealed the partition judgment of April 10, 2018, as amended on June 18, 2018, which appeal is being considered separately by this Court in case number 18-CA-430.

La. C.C.P. art. 2082 provides: "Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." Prior to the judgment dismissing their intervention, the PLC was a party to the proceeding.

Assets owned by a corporate entity are the property of that entity and are not owned by the shareholders or partners, even if the spouses are owners of stock or are partners. McClanahan v. McClanahan , 03-1178 (La. App. 5 Cir. 2/23/04), 868 So.2d 844, writ denied , 882 So.2d 609 (La. 9/3/04).

The discovery requests do not appear to seek confidential client information.

La. C.C. art. 2369.2 provides: "Each spouse owns an undivided one-half interest in former community property and its fruits and products."

La. C.C. art. 2368 provides: "If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor."

See , e.g. , McClanahan v. McClanahan , supra .

Jurisprudence is replete with cases allowing creditors of the community and/or of spouses to intervene in community property partitions. See , e.g. , Krampe v. Krampe , 510 So.2d 1289, 1291 (La. App. 3rd Cir. 1987) (creditors of the wife, her former divorce attorneys, were allowed to intervene in community property partition proceeding). Here, it was not alleged that the PLC was a creditor of either spouse.

The record shows that these contracts were between the PLC and the individual clients, and were signed by Todd in his representative capacity as owner of the PLC.

See Heather's "Pre-Trial Memorandum of Law Regarding the Partition of Community Property BP Fees" filed on December 11, 2017.

IOLTA stands for "Interest on Lawyers' Trust Accounts."